UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

DALLAS RAY PRATER, JR.,

                Plaintiff,

v.                                                CIVIL ACTION NO. 5:18-cv-01174

R. ALEXANDER ACOSTA,
SECRETARY OF LABOR and UNITED
STATES DEPARTMENT OF LABOR,

                Defendants.

**ORDER**

        Pending is Plaintiff Dallas Ray Prater's Motion to Allow Disclosure of Expert Witness [Doc. 66], filed December 10, 2019. Defendants Alexander Acosta and the United States Department of Labor responded [Doc. 68] on December 17, 2019, and Mr. Prater replied [Doc. 71] on December 20, 2019. The matter is ready for adjudication.

        The disclosure of expert witnesses is a matter controlled by the scheduling order. The Court may modify a scheduling order for "good cause" shown. Fed. R. Civ. P. 16(b)(4). Belated disclosure of an expert witness also implicates Rule 37(b)(1) of the Federal Rules of Civil Procedure, which provides that a party who fails to "identify a witness as required by Rule 26(a) or (e)" may nevertheless use the witness if the failure was "substantially justified or is harmless." Our Court of Appeals reviews a harmlessness determination using four factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; [and] (4) the

importance of the evidence[.]" *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

The Court notes that it previously extended the scheduling order at the Defendants' request. Respecting the first and second factors, surprise and cure are not material concerns. Inasmuch as the Court will reset the schedule in this case, Defendants will have abundant opportunity to cure any surprise attributable to the disclosure. Respecting the third factor, trial is set in mid-March; this advanced date, along with an appropriate adjustment to the schedule, will avoid any disruption at trial. Finally, and perhaps most importantly from the standpoint of adjudicating cases on their merits, the subject matter of the instant disclosure is central to Mr. Prater's theory of the case. It is thus essential that the finder of fact hear the entirety of the adversaries' respective evidence on the matter. The Court, accordingly, finds good cause exists to amend the scheduling order.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Allow Disclosure of Expert Witness [Doc. 66] and **DENIES** as moot without prejudice Defendants' Motion for Summary Judgment [Doc. 46]. The pre-trial conference scheduled for Monday, January 27, 2020, is **CANCELLED**. The Court will enter an amended scheduling order forthwith.

The Clerk is directed to send a copy of this Order to counsel of record and any unrepresented parties.

ENTERED:   January 23, 2020

Frank W. Volk
United States District Judge