UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DALLAS RAY PRATER, JR.,

        Plaintiff,

v.                                CIVIL ACTION NO. 5:18-cv-01174

R. ALEXANDER ACOSTA,
SECRETARY OF LABOR, UNITED
STATES DEPARTMENT OF LABOR,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is Defendant United States Department of Labor's Motion for Summary Judgment [Doc. 82], filed July 20, 2020, as well as the parties' motions *in limine*. [Docs. 88–91]. The matters are ready for adjudication.

### I.

**A.**     **Defendant's Motion for Summary Judgment**

*Federal Rule of Civil Procedure* 56 provides that summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the nonmoving party to show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The nonmoving party must do so by offering 'sufficient proof in the form of admissible evidence' rather than relying solely on the allegations of her pleadings." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016) (quoting *Mitchell v.*

*Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993)). The Court "view[s] the evidence in the light most favorable to the [nonmovant]." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (internal quotation marks omitted); *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018).

The analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), governs Mr. Prater's claims for discriminatory discharge under the Rehabilitation Act, 29 U.S.C. § 701. *Reyazuddin v. Montgomery Cnty.*, 789 F.3d 407, 419 (4th Cir. 2015) (quoting *Ennis v. Nat'l Ass'n of Bus. and Educ. Radio, Inc.*, 53 F.3d 55, 58 (4th Cir. 1995)). The decision in *McDonnell Douglas* first requires the plaintiff to muster a prima facie case of discrimination. *Guessous v. Fairview Property Investments, LLC*, 828 F.3d 208, 216 (4th Cir. 2016). The burden then shifts to the defendant to offer "a non-discriminatory or non-retaliatory reason for the adverse action." *Id.* The plaintiff is then obliged to show the defendant's justification "is a pretext and that the true reason is discriminatory or retaliatory." *Id.*

It is evident that genuine issues of material fact permeate the shifting burdens analysis. Accordingly, Defendant's Motion for Summary Judgment [Doc. 82] is **DENIED**.

B.  **Motion in Limine Respecting Evidence of Unrelated Disciplinary Actions**

Mr. Prater moves to preclude the Department of Labor from "all uses of disciplinary documents and testimony unrelated to Plaintiff's termination." [Doc. 88 at 1]. The Department of Labor responds that "Defendant does not intend to proffer evidence of formal disciplinary action taken by previous employers." [Doc. 93 at 1].

Inasmuch as Mr. Prater identifies no specific evidence for exclusion, there is no dispute for the Court to resolve presently. The Court **DENIES** the motion as moot. If objectionable evidence is tendered at trial, Mr. Prater may seasonably raise an objection.

### C. Motion in Limine Respecting Evidence of Damages Not Already Disclosed During Discovery

The Department of Labor moves to limit Mr. Prater's expert, Jack Spadaro, from testifying to matters beyond the scope of his expert report. [Doc. 91 at 4]. Mr. Prater responds that Mr. Spadaro "will only testify to his expert opinions . . . contained in his expert report previously disclosed to Defendant on March 2, 2020." [Doc. 94 at 4].

Inasmuch as there is no extant dispute on the matter, the Court **DENIES** the motion as moot.

### II.

Based upon the foregoing discussion, and the entirety of the record to this point, it is **ORDERED** as follows:

1. Defendant's Motion for Summary Judgment [Doc. 82] is **DENIED**;

2. Plaintiff's Motion in Limine Respecting Evidence of Unrelated Disciplinary Actions [Doc. 88] is **DENIED** as moot;

3. Defendant's Motion in Limine Respecting Evidence of Damages Not Already Disclosed During Discovery is **DENIED** as moot;

4. The remaining motions *in limine* are **HELD** in abeyance pending trial.

The Clerk is directed to send a copy of this written opinion and order to all counsel and any unrepresented parties.

ENTERED: October 26, 2020



Frank W. Volk
United States District Judge